# UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

```
_____
                                    )
HENRY SEARCY, JR.,                  )
                                    )
              Plaintiff,            )
                                    )
      v.                            )      Civil Action No. 19-921 (RBW)
                                    )
DEMAURICE F. SMITH, et al.,         )
                                    )
              Defendants.           )
_____ )
```

## MEMORANDUM OPINION

The plaintiff, Henry Searcy, Jr., proceeding pro se, brought this civil action against the National Football League Players Association ("NFLPA"); DeMaurice F. Smith, the Executive Director of the NFLPA; Prometric LLC ("Prometric"); and Michael P. Sawicki, the Vice President and General Counsel of Prometric (collectively, the "defendants"), alleging violations of the Federal Arbitration Act (the "FAA"), 9 U.S.C. §§ 1–307 (2018), and District of Columbia common law. See Amended Complaint ("Am. Compl.") ¶¶ 15–59. Currently pending before the Court are: (1) the plaintiff's Motion for Leave to Amend Plaintiff's Amended Complaint ("Pl.'s Mot. to Amend" or the "plaintiff's motion to amend"), ECF No. 62, and (2) the Plaintiff['s] Motion on Court Jurisdiction/Amount-in-Controversy ("Pl.'s Mot. to Confirm" or the "plaintiff's motion to confirm"), ECF No. 63. Upon careful consideration of the parties' submissions,[1] the Court concludes for the following reasons that it must deny the plaintiff's motion to amend, and grant in part and deny in part the plaintiff's motion to confirm.

---

[1] In addition to the filings already identified, the Court considered the following submissions in rendering its decision: (1) the Defendants DeMaurice F. Smith and National Football League Players Association's Opposition to

(continued . . .)

# I.     BACKGROUND

The Court previously set forth the factual background of this case in its May 6, 2020 Memorandum Opinion, see Searcy v. Smith, No. 19-cv-921 (RBW), 2020 WL 2198086 (D.D.C. May 6, 2020), and therefore will not reiterate it again here.  The Court will, however, set forth the procedural background of this case, which is pertinent to the resolution of the pending motions.

On May 6, 2020, the Court issued a Memorandum Opinion and Order, granting the defendant Michael P. Sawicki's motion to dismiss "to the extent that it s[ought] dismissal of the plaintiff's claims . . . pursuant to Federal Rule of Civil Procedure 12(b)(1)[,]" Order at 1 (May 6, 2020), ECF No. 49; granting the defendant DeMaurice F. Smith's motion to dismiss "to the extent that it s[ought] dismissal of the plaintiff's claims . . . pursuant to Federal Rule of Civil Procedure 12(b)(6)[,]" id.; granting defendant Prometric['s] [ ] motion to dismiss "to the extent that it s[ought] dismissal of the plaintiff's claims . . . pursuant to Federal Rule of Civil Procedure 12(b)(1)[,]" id. at 1–2; and granting the defendant [NFLPA]'s motion to dismiss in its entirety, id. at 2.  The Court therefore dismissed the plaintiff's Amended Complaint.  See id.  The plaintiff then appealed the Court's judgment to the D.C. Circuit.  See Notice of Appeal at 1, ECF No. 50.

On May 19, 2021, the D.C. Circuit issued its Mandate, see Mandate at 1, Searcy v. Smith, No. 19-cv-921 (D.C. Cir. May 19, 2021), and ordered that the "case be remanded to [this] court for reconsideration of its dismissal of the claims against the NFLPA and Smith for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6)."  Order at 1, Searcy v. Smith, 19-cv-921 (D.C. Cir. May 19, 2021).  Specifically, the Circuit stated in its Order:

(. . . continued)
Plaintiff's Motion to Amend ("Defs.' Opp'n"), ECF No. 65; and (2) the plaintiff's Opposition to Defendants['] Motion to Deny Plaintiff's Leave to Amend Plaintiff's Amended Complaint ("Pl.'s Reply"), ECF No. 66.

The district court concluded that it had jurisdiction over appellant's claims against the NFLPA based on diversity of citizenship, see 28 U.S.C. § 1332, and dismissed those claims under Rule 12(b)(6). The district court then dismissed claims against other defendants for lack of subject matter jurisdiction because they, like appellant, are citizens of Maryland, and the claims against them did not implicate federal question jurisdiction. But "[t]he presence of a nondiverse party . . . deprives the district court of [diversity] jurisdiction over any of the claims." In re: Lorazepam & Clorazepate Antitrust Litig., 631 F.3d 537, 541 (D.C. Cir. 2011). Consequently, the district court may not exercise diversity jurisdiction over the claims against the NFLPA while also dismissing the claims against the nondiverse defendants in this way. See Exxon Mobil Corp. v. Allapattah Servs., Inc., 545 U.S. 546, 562–64 (2005) ("A failure of complete diversity . . . contaminates every claim in the action," because "the presence of nondiverse parties on both sides of a lawsuit eliminates the justification for providing a federal forum."). Moreover, the district court did not explain its basis for exercising jurisdiction over any claims against Smith, who has represented that he is also a citizen of Maryland. See Sinochem Int'l Co. Ltd. v. Malaysia Int'l Shipping Corp., 549 U.S. 422, 430–31 (2007) ("[A] federal court generally may not rule on the merits of a case without first determining that it has jurisdiction over the category of claim in suit (subject-matter jurisdiction) and the parties (personal jurisdiction).").

While not otherwise limited, the district court may address on remand which, if any, of Searcy's state law claims may be pre-empted by Section 301 of the Labor Management Relations Act. See 29 U.S.C. § 185; Caterpillar Inc. v. Williams, 482 U.S. 386, 393 (1987) (noting the "complete pre-emption corollary to the well-pleaded complaint rule," in which "the pre-emptive force of a statute is so 'extraordinary' that it 'converts an ordinary state common-law complaint into one stating a federal claim.'") (quoting Metropolitan Life Ins. Co. v. Taylor, 481 U.S. 58, 65 (1987)); Allis-Chalmers Corp. v. Lueck, 471 U.S. 202, 220 (1985) ("[W]hen resolution of a state-law claim is substantially dependent upon analysis of the terms of an agreement made between the parties in a labor contract, that claim must either be treated as a § 301 claim, or dismissed as pre-empted by federal labor-contract law.") (internal citation omitted).

Id. at 1–2 (alterations in original). Following the Circuit's Mandate, the Court held a status conference, at which the Court ordered the parties to file briefs regarding the jurisdiction issue raised by the Circuit, and ordered that defendants Michael Sawicki and Prometric be terminated as defendants in light of the Circuit's opinion. See Order at 1 (Nov. 19, 2021), ECF No. 60. The remaining defendants filed their brief regarding the Court's authority to exercise jurisdiction in this case on December 17, 2021. See Defendants DeMaurice F. Smith and National Football

League Players Association's Jurisdictional Brief ("Defs.' Br."), ECF No. 61.  On January 4, 2022, the plaintiff filed both his motion to amend and his motion to confirm.  See Pl.'s Mot. to Amend; Pl.'s Mot. to Confirm.  The defendants filed a reply brief regarding the jurisdiction question on January 10, 2022.  See Defendants DeMaurice F. Smith and National Football League Players Association's Reply Brief Regarding Jurisdiction, ECF No. 64.  The defendants then filed their opposition to the plaintiff's motion to amend on January 20, 2022, see Defs.' Opp'n, and the plaintiff filed a reply in support of his motion to amend on February 4, 2022, see Pl.'s Reply.

## II.   STANDARD OF REVIEW

Motions for leave to amend a complaint fall within the purview of Federal Rule of Civil Procedure 15.  See Fed. R. Civ. P. 15.  Pursuant to Federal Rule of Civil Procedure 15(a)(1),

[a] party may amend its pleading once as a matter of course within:

(A) [twenty-one] days after serving it, or

(B) if the pleading is one to which a responsive pleading is required, [twenty-one] days after service of a responsive pleading or [twenty-one] days after service of a motion under Rule 12(b), (e), or (f), whichever is earlier.

Fed. R. Civ. P. 15(a)(1).  Therefore, "under Rule 15(a)(1)[], a party has an absolute right to amend its complaint[,]" Villery v. District of Columbia, 277 F.R.D. 218, 219 (D.D.C. 2011)— which is a "pleading . . . to which a responsive pleading is required" within the meaning of Rule 15(a)(1)(B), see Fed. R. Civ. P. 15(a)(1)(B)—"at any time from the moment the complaint is filed until [twenty-one] days after the earlier of the filing of a responsive pleading or a motion under Rule 12(b), (e), or (f)."  Villery, 277 F.R.D. at 219.

Under Rule 15(a)(2), the Court "should freely give leave" to a party to amend its pleading "when justice so requires."  Fed. R. Civ. P. 15(a)(2).  The D.C. Circuit has also recognized that

"leave to amend is particularly appropriate when a plaintiff proceeds pro se."  Moore v. Agency for Int'l Dev., 994 F.2d 874, 877 (D.C. Cir. 1993).  While the Court has sole discretion to grant or deny leave to amend, "[l]eave to amend a [pleading] should be freely given in the absence of undue delay, bad faith, undue prejudice to the opposing party, repeated failure to cure deficiencies, or futility."  Richardson v. United States, 193 F.3d 545, 548–49 (D.C. Cir. 1999) (citing Foman v. Davis, 371 U.S. 178, 182 (1962)).  The rationale for this standard is that "[i]f the underlying facts or circumstances relied upon by a plaintiff may be a proper subject of relief, [the plaintiff] ought to be afforded an opportunity to test his[, her, or its] claim on the merits."  Foman, 371 U.S. at 182.  Nevertheless, the "[C]ourt may properly deny a motion to amend if the amended pleading would not survive a motion to dismiss[,]" or in other words, if it would be futile to permit the proposed amendment.  In re Interbank Funding Corp. Sec. Litig., 629 F.3d 213, 218 (D.C. Cir. 2010); see also James Madison Ltd. v. Ludwig, 82 F.3d 1085, 1099 (D.C. Cir. 1996) ("Courts may deny a motion to amend a complaint as futile . . . if the proposed claim would not survive a motion to dismiss.").

### III.   ANALYSIS

The plaintiff moves to amend his Amended Complaint in order to: (1) remove Count VI of the Amended Complaint, which alleges a violation of the FAA, in its entirety; and (2) add the words "NFLPA THROUGH THE" before the word "Arbitrator" in Count IV of the Complaint, which alleges a claim of negligent misrepresentation under District of Columbia common law. See Pl.'s Mot. to Amend at 1.  Furthermore, the plaintiff "submits [his] motion [to confirm]" in order to: (1) "confirm that this Court has jurisdiction over this case[,]" Pl.'s Mot. to Confirm at 1; (2) "confirm the amount-in-controversy[,]" id.; (3) "identify the Counts/Claims that are to be evaluated by the District of Columbia laws by this Court[,]" id. at 2; and (4) "address the

5

[f]ederal jurisdiction argument presented by the NFLPA[,]" id. The Court will first consider the plaintiff's motion to amend, before turning to the plaintiff's motion to confirm.

## A.      The Plaintiff's Motion to Amend

To reiterate, the plaintiff seeks leave of the Court to amend his Amended Complaint in order to (1) remove Count VI of the Amended Complaint, which alleges a violation of the FAA, in its entirety; and (2) add the words "NFLPA THROUGH THE" before the word "Arbitrator" in Count IV of the Complaint, which alleges a claim of negligent misrepresentation. See Pl.'s Mot. to Amend at 1. The defendants argue that the Court should refuse to grant the plaintiff leave to amend because "[the plaintiff's] proposed amendments would not only be futile, but would also cause undue delay, prejudice the NFLPA [d]efendants, and harm the interests of judicial economy." Defs.' Opp'n at 3.

The Court first notes that the plaintiff may not amend his complaint as of right pursuant to Rule 15(a)(1)(A) or Rule 15(a)(1)(B). The plaintiff filed his motion to amend on January 4, 2022, which is well past twenty-one days after service of the original Complaint on April 30, 2019. See Fed. R. Civ. P. 15(a)(1)(A); Affidavit of Service at 1, ECF No. 2 (indicating April 30, 2019 as the date service was executed). The plaintiff has also not sought to amend his Amended Complaint within twenty-one days following the service of a responsive pleading or a motion under Rule 12(b), (e), or (f), as the filing of the motion to amend on January 4, 2022, is more than twenty-one days after the most recent responsive pleading or motion—the defendant NFLPA's motion to dismiss, which was filed on August 13, 2019. See Fed. R. Civ. P. 15(a)(1)(B); Defendant National Football League Players Association's Motion to Dismiss at 1, ECF No. 33 (indicating a filing date of August 13, 2019). The Court must therefore determine

whether it should exercise its discretion and grant the plaintiff leave to amend his Complaint pursuant to Rule 15(a)(2).

In the specific context of a motion to amend following a remand to this Court by the Circuit, "it is within the sound discretion of the district court, in consideration of potential prejudice to the other party and the interest in eventual resolution of litigation, to deny leave to amend." Doe v. McMillan, 566 F.2d 713, 720 (D.C. Cir. 1977) (noting the inherent tardiness of a motion to amend filed post-remand, where "the [plaintiff's] complaint had been before the district court, [the Circuit,] and the Supreme Court for over thirty-eight months before [the plaintiffs] filed the [motion to amend]"); see Williamsburg Wax Museum, Inc. v. Historic Figures, Inc., 810 F.2d 243, 247 (D.C. Cir. 1987) (affirming denial of a post-remand motion to amend where the plaintiff sought to amend the complaint "years after it had filed its original complaint, after the parties had conducted extensive discovery, and after the district court had granted summary judgment"). This is specifically the case where "[n]othing in the [Circuit] mandate require[s] the [C]ourt to [grant a post-remand motion to amend]," and therefore in the exercise of its discretion, the Court may "look[] solely at the record as it stood before the [ ] appeal [and] deny[] [a] post-remand motion to amend." Belizan v. Hershon, 495 F.3d 686, 690 (D.C. Cir. 2007). Furthermore, granting a motion to amend on remand where the issues pending are "relatively narrow" may "unduly prejudice defendants" and cause undue delay. Hoffman v. United States, 266 F. Supp. 2d 27, 33 (D.D.C. 2003) ("If the court were to grant [the] plaintiffs' motion [to amend], however, the resolution of this already-protracted litigation would be significantly delayed.").

Here, the issues before the Court on remand are "relatively narrow[,]" Hoffman, 266 F. Supp. 2d at 33—namely, whether the Court has jurisdiction over the plaintiff's claims against the

NFLPA and Smith based on federal question jurisdiction, see Order at 1–2, Searcy v. Smith, 19-cv-921 (D.C. Cir. May 19, 2021), and specifically, "which, if any, of [the plaintiff]'s state law claims may be pre-empted by Section 301 of the Labor Management Relations Act[,]" id. at 2. Additionally, the plaintiff's motion to amend was filed nearly three years after he both initiated this case and filed his first Amended Complaint, see Complaint ("Compl.") at 1 (indicating a filing date of April 2, 2019); Am. Compl. at 1 (indicating a filing date of May 29, 2019); Pl.'s Mot. to Amend at 1 (indicating a filing date of January 4, 2022), and briefing on the issues—which included five separate filings from the parties over the course of four months—has concluded, see Defendants DeMaurice F. Smith and National Football League Players Association's Jurisdictional Brief at 1, ECF No. 61 (representing the first filing in the parties' remand briefing, which was filed on December 17, 2021); Plaintiff's Motion in Opposition to the Defendants['] Motion Not to Amend Amended Complaint at 1, ECF No. 68 (representing the final filing in the parties' remand briefing, which was filed on April 20, 2022).[2]  Based on this record, the Court concludes that granting the plaintiff leave to amend his Amended Complaint at this stage would unduly prejudice the defendants and pose undue delay.  See Hoffman, 266 F. Supp. 2d at 33.

Moreover, it is unclear to the Court how the plaintiff's proposed amendments would affect the Court's determinations regarding the issues before it on remand, and the plaintiff does not specifically state how the proposed amendments would contribute to that objective.  See generally Pl.'s Reply.  For example, the plaintiff's proposed withdrawal of his claims brought

---

[2] Although the Plaintiff's Motion in Opposition to the Defendants['] Motion Not to Amend Amended Complaint, appears from its title to be a response in support of his motion to amend, its content reflects that it is actually a response to the defendants' Notice of Supplemental Authority, ECF No. 67, filed in support of their arguments regarding jurisdiction.  See generally Plaintiff's Motion in Opposition to the Defendants['] Motion Not to Amend Amended Complaint at 1–4, ECF No. 68.

pursuant to the FAA do not have any bearing on the Court's analysis of "which, if any, of [the plaintiff]'s state law claims may be pre-empted by Section 301 of the Labor Management Relations Act[,]" Order at 2, <u>Searcy v. Smith</u>, 19-cv-921 (D.C. Cir. May 19, 2021), and the Court agrees with the defendants that the "edits that [the plaintiff] offers to the allegations supporting his negligent misrepresentation claim[,]" Def.'s Opp'n at 4—namely, adding the words "NFLPA THROUGH THE" before the word "Arbitrator"—"do not change the substance of the claim in any way[,]" <u>id.</u>  Therefore, it being "within the sound discretion of [this] court, in consideration of potential prejudice to the other part[ies] and the interest in eventual resolution of [this] litigation," <u>Doe</u>, 566 F.2d at 720, the Court will deny the plaintiff's motion to amend, due to the likely undue delay it would cause and the prejudice the defendants would endure at this late stage of the litigation, as well as the irrelevance of the proposed amendments to the issues before the Court on remand.

**B.      The Plaintiff's Motion to Confirm**

Following the defendants' submission of their briefs on December 17, 2021, regarding the jurisdiction questions remanded to this Court by the D.C. Circuit, <u>see</u> Defs.' Br., the plaintiff filed a document entitled "Plaintiff['s] Motion on Court Jurisdiction/Amount-in-Controversy[,]" <u>see</u> Pl.'s Mot. to Confirm at 1.  In this filing, the plaintiff represented that he submitted the motion in order to: (1) "confirm that this Court has jurisdiction over this case[,]" <u>id.</u>; (2) "confirm the amount-in-controversy[,]" <u>id.</u>; (3) "identify the Counts/Claims that are to be evaluated by the District of Columbia laws by this Court[,]" <u>id.</u> at 2; and (4) "address the [f]ederal jurisdiction argument presented by the NFLPA[,]" <u>id.</u>  Although the plaintiff has styled this filing as a "motion[,]" <u>id.</u>, it is in fact a brief regarding the jurisdictional issues raised by the Circuit, filed in response to the Court's order from the November 19, 2021 status conference, <u>see</u>

id. ("Per Judge Walton's request, during the November 19, 2021, conference call . . . I hereby submit this motion . . . ."); see generally id. at 1–20.  Furthermore, because this filing constitutes a brief submitted in response to the Court's November 19, 2021 Order, see Order at 1 (Nov. 19, 2021), it does not request any relief, and is therefore not a motion.  Accordingly, the Court will grant in part and deny in part the plaintiff's motion to confirm.  The Court will grant the motion to the extent that it seeks to have the Court consider the arguments contained therein in deciding the jurisdictional issues on remand in this case.  The Court will deny the motion in all other respects.

## IV.    CONCLUSION

For the foregoing reasons, the Court concludes that it will deny the plaintiff's motion to amend, and grant in part and deny in part the plaintiff's motion to confirm.  The plaintiff's motion to confirm is granted to the extent that it seeks to have the Court consider the arguments contained therein in deciding the jurisdictional issues on remand in this case.  The plaintiff's motion to confirm is denied in all other respects.

**SO ORDERED** this 22nd day of November, 2022.[3]

REGGIE B. WALTON
United States District Judge

---

[3] The Court will contemporaneously issue an Order consistent with this Memorandum Opinion.