## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

|  |  |
|---|---|
| HENRY SEARCY, JR., | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Civil Action No. 19-921 (RBW) |
| | ) |
| DEMAURICE F. SMITH, et al., | ) |
| | ) |
| Defendants. | ) |
| | ) |

## MEMORANDUM OPINION

The plaintiff, Henry Searcy, Jr., proceeding pro se, brought this civil action against the National Football League Players Association ("NFLPA"); DeMaurice F. Smith, the Executive Director of the NFLPA; Prometric LLC ("Prometric"); and Michael P. Sawicki, the Vice President and General Counsel of Prometric (collectively, the "defendants"),[1] alleging violations of the Federal Arbitration Act (the "FAA"), 9 U.S.C. §§ 1–307, and District of Columbia common law. See Amended Complaint ("Am. Compl.") ¶¶ 15–59, ECF No. 11. On May 6, 2020, the Court granted each of the defendants' motions to dismiss in this case. See Searcy v. Smith, No. 19-cv-921 (RBW), 2020 WL 2198086, at *9 (D.D.C. May 6, 2020). In response to the Court's ruling, the plaintiff appealed, see Notice of Appeal at 1, ECF No. 50, and the District of Columbia Circuit subsequently remanded the case to this Court for "reconsideration of its dismissal of the claims against the NFLPA and Smith for failure to state a claim under Federal

---

[1] Michael Sawicki and Prometric have since been terminated as defendants pursuant to the Court's Memorandum Opinion, see Searcy v. Smith, No. 19-cv-921 (RBW), 2020 WL 2198086, at *9 (D.D.C. May 6, 2020) (granting the defendants' motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(1) with respect to Sawicki and Prometric), and the Circuit's subsequent order granting Sawicki and Prometric's motion for summary affirmance, see Order at 1, Searcy v. Smith, 20-7048 (D.C. Cir. Dec. 22, 2020). See Order at 1 (Nov. 19, 2021), ECF No. 60 (terminating Sawicki and Prometric as defendants following the Circuit's Mandate).

Rule of Civil Procedure 12(b)(6)[,]" Order at 1, <u>Searcy v. Smith</u>, 20-7048 (D.C. Cir. Mar. 5, 2021). Upon careful consideration of the parties' submissions,[2] the Court concludes for the following reasons that it has subject matter jurisdiction over the plaintiff's claims against the defendants and dismisses these claims consistent with the reasoning articulated in its May 6, 2020 Memorandum Opinion.

## I.      BACKGROUND

The Court previously set forth the factual background of this case in its May 6, 2020 Memorandum Opinion, <u>see</u> <u>Searcy</u>, 2020 WL 2198086, at *2–3, and therefore will not reiterate it again here. The Court will, however, set forth the procedural background of this case, which is pertinent to the resolution of the issues presented on remand.

On May 6, 2020, the Court issued a Memorandum Opinion and Order, granting defendant Michael P. Sawicki's motion to dismiss "to the extent that it s[ought] dismissal of the plaintiff's claims . . . pursuant to Federal Rule of Civil Procedure 12(b)(1)[,]" Order at 1 (May 6, 2020), ECF No. 49; granting defendant DeMaurice F. Smith's motion to dismiss "to the extent that it s[ought] dismissal of the plaintiff's claims . . . pursuant to Federal Rule of Civil Procedure 12(b)(6)[,]" <u>id.</u>; granting defendant Prometric's motion to dismiss "to the extent that it s[ought] dismissal of the plaintiff's claims . . . pursuant to Federal Rule of Civil Procedure 12(b)(1)[,]" <u>id.</u> at 1–2; and granting defendant NFLPA's motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6), <u>id.</u> at 2. The Court therefore dismissed the plaintiff's Amended Complaint,

---

[2] In addition to the filings already identified, the Court considered the following submissions in rendering its decision: (1) Defendants DeMaurice F. Smith and National Football League Players Association's Jurisdictional Brief ("Defs.' Br."), ECF No. 61; (2) the Plaintiff['s] Motion on Court Jurisdiction/Amount-in-Controversy ("Pl.'s Br."), ECF No. 63; and (3) Defendants DeMaurice F. Smith and National Football League Players Association's Reply Brief Regarding Jurisdiction ("Defs.' Reply Br."), ECF No. 64.

see id., and the plaintiff then appealed the Court's judgment to the Circuit, see Notice of Appeal at 1, ECF No. 50.

On December 22, 2020, the Circuit issued an order granting summary affirmance as to the defendants Michael Sawicki and Prometric, stating that "[t]he district court correctly dismissed the appellant's claims against Prometric and Sawicki for lack of subject matter jurisdiction[,]" having "properly concluded that it lacked diversity jurisdiction because Searcy, Prometric, and Sawicki are all citizens of Maryland" and the "appellant had not shown a basis for federal question jurisdiction in this case." Order at 1, Searcy v. Smith, No. 20-7048 (D.C. Cir. Dec. 22, 2020). However, on March 5, 2021, the Circuit issued an order denying summary affirmance as to the NFLPA and Smith, and ordered that the "case be remanded to the district court for reconsideration of its dismissal of the claims against the NFLPA and Smith for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6)." Order at 1, Searcy v. Smith, No. 20-7048 (D.C. Cir. Mar. 5, 2021). Specifically, the D.C. Circuit stated in its order:

> The district court concluded that it had jurisdiction over appellant's claims against the NFLPA based on diversity of citizenship, see 28 U.S.C. § 1332, and dismissed those claims under Rule 12(b)(6). The district court then dismissed claims against other defendants for lack of subject matter jurisdiction because they, like appellant, are citizens of Maryland, and the claims against them did not implicate federal question jurisdiction. But "[t]he presence of a nondiverse party . . . deprives the district court of [diversity] jurisdiction over any of the claims." In re[] Lorazepam & Clorazepate Antitrust Litig., 631 F.3d 537, 541 (D.C. Cir. 2011). Consequently, the district court may not exercise diversity jurisdiction over the claims against the NFLPA while also dismissing the claims against the nondiverse defendants in this way. See Exxon Mobil Corp. v. Allapattah Servs., Inc., 545 U.S. 546, 562–64 (2005) ("A failure of complete diversity . . . contaminates every claim in the action," because "the presence of nondiverse parties on both sides of a lawsuit eliminates the justification for providing a federal forum."). Moreover, the district court did not explain its basis for exercising jurisdiction over any claims against Smith, who has represented that he is also a citizen of Maryland. See Sinochem Int'l Co. Ltd. v. Malaysia Int'l Shipping Corp., 549 U.S. 422, 430–31 (2007) ("[A] federal court generally may not rule on the merits of a case without first determining that it has jurisdiction

over the category of claim in suit (subject-matter jurisdiction) and the parties (personal jurisdiction).").

While not otherwise limited, the district court may address on remand which, if any, of Searcy's state law claims may be pre-empted by Section 301 of the Labor Management Relations Act.  See 29 U.S.C. § 185; Caterpillar, Inc. v. Williams, 482 U.S. 386, 393 (1987) (noting the "complete pre-emption corollary to the well-pleaded complaint rule," in which "the pre-emptive force of a statute is so 'extraordinary' that it 'converts an ordinary state common-law complaint into one stating a federal claim.'") (quoting Metro[.] Life Ins. Co. v. Taylor, 481 U.S. 58, 65 (1987)); Allis-Chalmers Corp. v. Lueck, 471 U.S. 202, 220 (1985) ("[W]hen resolution of a state-law claim is substantially dependent upon analysis of the terms of an agreement made between the parties in a labor contract, that claim must either be treated as a § 301 claim, or dismissed as pre-empted by federal labor-contract law.") (internal citation omitted).

Id. at 1–2 (alterations in original).  On May 19, 2021, the Circuit issued its Mandate in this case. See Mandate at 1, Searcy v. Smith, No. 20-7048 (D.C. Cir. May 19, 2021).

Following the issuance of the Circuit's Mandate, the Court conducted a status conference, during which the Court ordered the parties to file briefs regarding the jurisdiction issue raised by the Circuit and ordered that defendants Michael Sawicki and Prometric be terminated as defendants in light of the Circuit's order granting these defendants' motion for summary affirmance.  See Order at 1 (Nov. 19, 2021), ECF No. 60.  The remaining defendants filed their brief regarding jurisdiction on December 17, 2021, see Defs.' Br. at 1, on January 4, 2022, the plaintiff filed his brief regarding jurisdiction,[3] see Pl.'s Br. at 1, and the defendants filed their reply brief regarding jurisdiction on January 10, 2022, see Defs.' Reply Br. at 1.[4]

---

[3] Although the plaintiff's brief is styled as a "Motion on Court Jurisdiction/Amount-in-Controversy[,]" Pl.'s Br. at 1, the Court has previously concluded that "it is in fact a brief regarding the jurisdictional issues raised by the Circuit, filed in response to the Court's order from the November 19, 2021 status conference," see Searcy v. Smith, No. 19-921 (RBW), 2022 WL 17146938, at *5 (D.D.C. Nov. 22, 2022).

[4] The plaintiff also filed a motion to further amend his Complaint following the Circuit's remand, see Motion for Leave to Amend Plaintiff's Amended Complaint at 1, ECF No. 62, which the Court denied, see Order at 1 (Nov. 22, 2022), ECF No. 71.

## II.   STANDARD OF REVIEW

Federal Rule of Civil Procedure 12(b)(1) governs motions to dismiss for lack of subject matter jurisdiction.  A motion pursuant to this Rule "presents a threshold challenge to the [C]ourt's jurisdiction . . . ."  Haase v. Sessions, 835 F.2d 902, 906 (D.C. Cir. 1987); see Grand Lodge of Fraternal Order of Police v. Ashcroft, 185 F. Supp. 2d 9, 13 (D.D.C. 2001) (noting that "a Rule 12(b)(1) motion imposes on the [C]ourt an affirmative obligation to ensure that it is acting within the scope of its jurisdictional authority.").  Accordingly, the Court must dismiss a claim if it "lack[s] . . . subject matter jurisdiction[.]"  Fed. R. Civ. P. 12(b)(1).  Under Rule 12(b)(1), "[i]t is to be presumed that a cause lies outside [the Court's] limited jurisdiction," Kokkonen v. Guardian Life Ins. Co. of Am., 511 U.S. 375, 377 (1994), and the plaintiff bears the burden of establishing the Court's jurisdiction by a preponderance of the evidence, see, e.g., Moore v. Bush, 535 F. Supp. 2d 46, 47 (D.D.C. 2008).  In deciding a motion to dismiss based upon lack of subject matter jurisdiction, the Court is not limited to the allegations set forth in the complaint and "may consider materials outside the pleadings[.]"  Jerome Stevens Pharms., Inc. v. Food & Drug Admin., 402 F.3d 1249, 1253 (D.C. Cir. 2005).  Because the Court must ensure its jurisdictional authority, "the [p]laintiff's factual allegations in the complaint . . . will bear closer scrutiny in resolving a 12(b)(1) motion than in resolving a 12(b)(6) motion for failure to state a claim."  Grand Lodge of Fraternal Order of Police, 185 F. Supp. 2d at 13–14 (alteration in original) (internal quotation marks omitted).

In applying the above framework, the Court is mindful of the fact that the plaintiff is proceeding in this matter pro se.  This appreciation is required because the pleadings of pro se parties are "to be liberally construed, and a pro se complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers."  Erickson v. Pardus,

551 U.S. 89, 94 (2007) (internal quotation marks and citations omitted).  Furthermore, all factual

allegations by a pro se litigant, whether contained in the complaint or other filings in the matter,

should be read together in considering whether to grant a dispositive motion.  See Richardson v.

United States, 193 F.3d 545, 548 (D.C. Cir. 1999).

### III.   ANALYSIS

The Circuit has instructed this Court to "reconsider[] [ ] its dismissal of the claims against

the NFLPA and Smith for failure to state a claim under Federal Rule of Civil Procedure

12(b)(6)[,]" Order at 1, Searcy v. Smith, No. 20-7048 (D.C. Cir. Mar. 5, 2021), in light of the

Court's dismissal of the two other nondiverse parties in this case, see id. (stating that because

"[t]he presence of a nondiverse party . . . deprives the district court of [diversity] jurisdiction

over any of the claims[,] . . . the district court may not exercise diversity jurisdiction over the

claims against the NFLPA while also dismissing the claims against the nondiverse defendants in

this way" (quoting In re Lorazepam & Clorazepate Antitrust Litig., 631 F.3d at 541 (alterations

in original) (internal quotation marks omitted)).  Furthermore, the Circuit noted that this Court

"did not explain its basis for exercising jurisdiction over any claims against Smith, who has

represented that he is also a [nondiverse party]." Id. at 1–2.  The defendants argue that: (1) the

Court has federal question jurisdiction over the plaintiff's state law claims because the claims

"require 'substantial analysis' of a labor agreement to resolve[,]" Defs.' Br. at 5, and therefore

"are completely preempted under the [Labor Management Relations Act (the '] LMRA [')," id.

at 6; and (2) as to the plaintiff's FAA claim, the Court may either exercise federal question

jurisdiction, see id. at 8–9, or supplemental jurisdiction, see id. at 10.[5]  The plaintiff agrees that

---

[5] The defendants also argue in the alternative that the Court "[m]ay [e]xercise [d]iversity [j]urisdiction [o]ver the NFLPA by [d]ropping Smith [u]nder [Federal] Rule [of Civil Procedure] 21."  Defs.' Br. at 10.  However, because

(continued . . .)

the Court has subject matter jurisdiction and argues, in relevant part, that the Court has

supplemental jurisdiction over his claims against Smith.[6]  See Pl.'s Br. at 16–19.  The Court will

first analyze whether it may exercise federal question jurisdiction over the plaintiff's state law

claims before turning to whether it may exercise subject matter jurisdiction over the plaintiff's

FAA claim.

## A.    The Plaintiff's State Law Claims

The plaintiff asserts claims under District of Columbia law of breach of contract,

negligent misrepresentation, negligence, and intentional infliction of emotional distress, against

both the NFLPA and Smith.  See Am. Compl. ¶¶ 15–59; see also Searcy, 2020 WL 2198086, at

*3.  The bases for these claims all involve "challenge[s to] the NFLPA's denial of his [c]ontract

[a]dvisor application through the 'exclusive' arbitration procedure set forth in the [NFLPA's]

Agent Regulations[,]" Defs.' Br. at 3 (citing Am. Compl. ¶ 7), after the plaintiff twice failed the

written examination required for certification of a prospective contract advisor, see id. at 2–3

(stating that contract advisors must "meet the requirements for certification set forth in . . . the

[NFLPA's] Agent Regulations[,]" one being "a written examination").  For the following

reasons, the Court concludes that it has federal question jurisdiction over these claims because

they are preempted by the LMRA.

---

(. . . continued)
the Court concludes that it has subject matter jurisdiction over the claims against both defendants, see infra Sections
III.A–B, it need not reach this alternative argument.

[6] The plaintiff also argues that the Court has diversity jurisdiction over the NFLPA, see Pl.'s Br. at 4–10, discusses
the merits of his claims against both the NFLPA, see id. at 10–14, and Smith, see id. at 14–16, and references his
motion to amend his Complaint in arguing that the remaining claims he wishes the Court to evaluate do not
implicate federal law, see id. at 17–19.  However, neither the question of whether the Court has diversity jurisdiction
over the NFLPA, nor the merits of the plaintiff's claims against the defendants are at issue pursuant to the Circuit's
remand, and therefore the Court will not consider these arguments.  See generally Order, Searcy v. Smith, No. 20-
7048 (D.C. Cir. Mar. 5, 2021).  Furthermore, the Court has already denied the plaintiff's motion to amend, see Order
at 1 (Nov. 22, 2022), ECF No. 71, thus rendering his argument regarding the lack of federal law implication moot,
see Pl.'s Br. at 17–19.

"One corollary of the well-pleaded complaint rule . . . is that Congress may so completely pre[]empt a particular area [of law] that any civil complaint raising [a] select group of claims is necessarily federal in character." Metro. Life Ins. Co., 481 U.S. at 63–64. And, "[o]nce an area of state law has been completely pre[]empted, any claim purportedly based on that pre[]empted state law is considered, from its inception, a federal claim, and therefore arises under federal law." Caterpillar Inc., 482 U.S. at 393. Section 301 of the LMRA states:

> Suits for violation of contracts between an employer and a labor organization representing employees in an industry affecting commerce . . . may be brought in any district court of the United States having jurisdiction of the parties, without respect to the amount in controversy or without regard to the citizenship of the parties.

29 U.S.C. § 185(a). "In passing the LMRA, Congress 'authorize[d] federal courts to fashion a body of federal law for the enforcement of . . . collective bargaining agreements.'" Brown v. Potomac Elec. Power Co., 306 F. Supp. 3d 194, 199 (D.D.C. 2018) (quoting Lingle v. Norge Div. of Magic Chef, Inc., 486 U.S. 399, 403 (1988)) (second alteration in original). "[T]he preemptive force of Section 301 is so 'extraordinary . . . that [it] converts an ordinary state common law complaint into one stating a federal claim[.]'" Id. (quoting Metro. Life Ins. Co., 481 U.S. at 65) (second alteration in original). Specifically, a state law claim is preempted by Section 301 of the LMRA if: (1) "resolution of [the] state-law claim is substantially dependent upon analysis of the terms of an agreement made between the parties in a labor contract," Allis-Chalmers Corp., 471 U.S. at 220, or (2) the state law claim "requires the interpretation of a collective-bargaining agreement[,]" Lingle, 486 U.S. at 413.

First, regarding the plaintiff's breach of contract claim, in cases such as this, where the plaintiff's asserted contract rights are dependent upon a collective bargaining agreement, "courts have held that breach of contract claims are 'inextricably intertwined' or 'substantially

dependent' on the [collective bargaining agreement], and therefore preempted."  Brown, 306 F.

Supp. 3d at 200–01 (quoting Allis-Chalmers Corp., 471 U.S. at 202) (collecting cases).  The

plaintiff's breach of contract claim involves allegations that the defendants violated the NFLPA's

Agent Regulations.  See Am. Compl. ¶¶ 16–17 (challenging various aspects of the arbitration

process, through which his Certification denial was affirmed); Searcy, 2020 WL 2198086, at *3

(stating that "the exclusive method for challenging [a Certification denial] . . . is through the

arbitration procedure set forth in the [NFLPA's Agent] Regulations." (quoting NFLPA's Mem.

at 4) (second alteration in original) (emphasis in original) (internal quotation marks omitted)).

And the NFLPA's Agent Regulations "were adopted 'pursuant to the authority and duty

conferred upon the NFLPA as the exclusive collective bargaining representative of NFL players'

and 'formulated in accordance with the collective bargaining agreement' between the NFL and

the NFLPA."  Defs.' Br. at 2.  Thus, because the plaintiff's breach of contract claim implicates

the defendants' application of and adherence to the NFLPA's Agent Regulations, the claim is

"substantially dependent on the [collective bargaining agreement]"—from which the NFLPA's

Agent Regulations derive—"and [is] therefore preempted."  Brown, 306 F. Supp. 3d at 201; see

Allis-Chalmers Corp., 471 U.S. at 220 (stating that a state law claim is preempted if its

"resolution . . . is substantially dependent upon analysis of the terms of an agreement made

between the parties in a labor contract").

       Moreover, the plaintiff's other state law claims are similarly preempted by Section 301 of

the LMRA.  "State law[-]based claims that depend on . . . application of terms in a collective

bargaining agreement are preempted[,]" while "[t]hose that have a basis wholly independent of

the labor contract are not."  Black, 87 F. Supp. 2d at 4 (finding that an NFL contract advisor's

tortious interference claim was preempted by the LMRA where the "complaint turn[ed] upon the

proper application of the [contract advisor] regulations to [the plaintiff's] alleged illegal activities as a contract advisor").  Where a "[u]nion fail[s] to perform a duty . . . arising out of the [collective bargaining] agreement . . . , not a duty . . . owed to every person in society[,] [p]re[]emption by federal law cannot be avoided by characterizing the [u]nion's negligence as a state-law tort."  United Steelworkers of Am., AFL-CIO-CLC v. Rawson, 495 U.S. 362, 363 (1990).  And, in that situation, a "tort claim cannot be described as independent of the collective-bargaining agreement."  Id. at 371.

Like the plaintiff's breach of contract claim, his claims of negligent misrepresentation, negligence, and intentional infliction of emotional distress all seek to "rectify the alleged harm he suffered from the adverse Arbitration Award that affirmed the NFLPA's denial of his Application for Certification as a Contract Advisor."  Searcy, 2020 WL 2198086, at *7 (internal quotation marks omitted); see Am. Compl. ¶ 36 ("[T]he NFLPA provided false information to the [p]laintiff prior to the hearing related to the methodology used on the [p]laintiff's exam . . . ."); id. ¶ 41 ("[T]he NFLPA breached its duty of care with the [p]laintiff by changing the scoring methodology of the exam without amending its regulations[,] an overt violation of Section 1(c) of the NFLPA regulations."); id. ¶ 54 ("[T]he extreme and outrageous conduct on the part of the NFLPA . . . [resulted from] having [the] [p]laintiff participate in an appeal hearing not governed by the [American Arbitration Association rules] . . . [and] violat[ing] the [Agent] Regulations and the [FAA] in order to secure an adverse ruling . . . .").  Thus, he challenges the defendants' actions taken in the course of procedures established and governed by the NFLPA's Agent Regulations, which "aris[e] out of the [collective bargaining] agreement."  Rawson, 495 U.S. at 363.  Therefore, his tort claims are "depend[ent] on . . . [the] application of terms in a collective bargaining agreement[,]" Black, 87 F. Supp. 2d at 4, and are preempted by the LMRA because

they "cannot be described as independent of the collective-bargaining agreement[,]" <u>Rawson</u>, 495 U.S. at 371.  Accordingly, the Court concludes that the plaintiff's state law claims are preempted by the LMRA.  Furthermore, because a preempted state law claim "is considered, from its inception, a federal claim, and therefore arises under federal law[,]" <u>Caterpillar Inc.</u>, 482 U.S. at 393, the Court also concludes that it had federal question jurisdiction over the plaintiff's breach of contract and tort claims.  <u>See</u> <u>Brown</u>, 306 F. Supp. 3d at 202 ("Once a court concludes that a plaintiff's state-law claim is preempted by Section 301, it may . . . treat the claim as a Section 301 claim[.]").

**B.**     **The Plaintiff's FAA Claim**

The plaintiff also "s[ought] to vacate the Arbitration Award pursuant to the [FAA] '[a]s a result of the [a]rbitrator's partiality[.]'" <u>Searcy</u>, 2020 WL 2198086, at *3 (quoting Am. Compl. ¶ 52) (third and fourth alteration in original).  For example, the plaintiff alleged that "the [a]rbitrator provided a basis for denial contrary to fact[,]" Am. Compl. ¶ 47; "the [a]rbitrator procured the award through partiality by overtly breaching the contract between the [p]laintiff and the NFLPA by not rendering a decision at the close of the hearing or within thirty (30) days after the hearing according to Section 5(E) of the NFLPA regulations[,]" <u>id.</u> ¶ 49; and "the [a]rbitrator procured the award through dishonesty by taking the word of the [p]laintiff out of context[,]" <u>id.</u> ¶ 50.  For the following reasons, the Court concludes that it has supplemental jurisdiction over the plaintiff's claims brought pursuant to the FAA.[7]

---

[7] Although the FAA is a federal statute, it "is something of an anomaly in the field of federal-court jurisdiction.  It creates a body of federal substantive law establishing and regulating the duty to honor an agreement to arbitrate, yet it does not create any independent federal[]question jurisdiction under 28 U.S.C. § 1331 or otherwise." <u>Moses H. Cone Mem'l Hosp. v. Mercury Constr. Corp.</u>, 460 U.S. 1, 25 n.32 (1983).  Moreover, "the [ ] Circuit has made clear that the FAA does not confer federal question jurisdiction over motions to vacate." <u>Technologists, Inc. v. MIR's Ltd.</u>, 725 F. Supp. 2d 120, 128 (D.D.C. 2010) (citing <u>Kasap v. Folger Nolan Fleming & Douglas, Inc.</u>, 166 F.3d 1243, 1246–47 (D.C. Cir. 1999)).  Thus, "there must be diversity of citizenship or some other independent basis for federal jurisdiction[.]" <u>Moses H. Cone Mem'l Hosp.</u>, 460 U.S. at 25 n.32.

A court with federal jurisdiction over certain claims has supplemental jurisdiction over state law claims "that are so related . . . that they form part of the same case or controversy under Article III of the United States Constitution."  28 U.S.C. § 1367(a).  "In order for a federal claim and a state-[]law claim to form part of the 'same case or controversy,' the claims must derive from a 'common nucleus of operative fact.'"  Taylor v. District of Columbia, 626 F. Supp. 2d 25, 28 (D.D.C. 2009) (quoting United Mine Workers v. Gibbs, 383 U.S. 715, 725 (1966)).  And, "[c]laims derive from a 'common nucleus of operative fact' only if the plaintiff would ordinarily be expected to try them all in one judicial proceeding."  Id. (quoting Gibbs, 383 U.S. at 725).

Here, like the plaintiff's state law claims which are preempted by the LMRA, see supra Section III.A, the plaintiff's FAA vacatur claim seeks to "rectify the alleged harm he suffered from the adverse Arbitration Award that affirmed the NFLPA's denial of his Application for Certification as a Contract Advisor[,]" Searcy, 2020 WL 2198086, at *7 (internal quotation marks omitted), and involve allegations concerning the administration of the arbitration process, compare, e.g., Am. Compl. ¶ 36 ("[T]he NFLPA provided false information to the [p]laintiff prior to the hearing related to the methodology used on the [p]laintiff's exam[.]"); id. ¶ 54 ("[T]he extreme and outrageous conduct on the part of the NFLPA . . . [resulted from] having [the p]laintiff participate in an appeal hearing not governed by the [American Arbitration Association rules] . . . [and] violat[ing] the [NFLPA's Agent] Regulations and the [FAA] in order to secure an adverse ruling[.]"), with id. ¶ 52 ("As a result of the Arbitrator's partiality, the [p]laintiff is seeking vacatur of the [p]laintiff's denial of certification[.]").  Thus, the plaintiff's state law and FAA claims "derive from a 'common nucleus of operative fact[,]'" Taylor, 626 F. Supp. 2d at 28 (quoting Gibbs, 383 U.S. at 725)—namely, the facts concerning the denial of the plaintiff's certification as a contract advisor and the associated arbitration proceedings—such

that "the plaintiff would ordinarily be expected to try them all in one judicial proceeding[,]" id.
(quoting Gibbs, 383 U.S. at 725).  Accordingly, having concluded that it has federal question
jurisdiction over the state law claims on the basis of preemption, see supra Section III.A, the
Court also concludes that it has supplemental jurisdiction over the plaintiff's FAA vacatur claim
pursuant to 28 U.S.C. § 1367(a).

## IV.    CONCLUSION

For the foregoing reasons, the Court concludes that it has subject matter jurisdiction over
the plaintiff's claims against the NFLPA and Smith.

**SO ORDERED** this 24th day of February, 2023.[8]

REGGIE B. WALTON
United States District Judge

---

[8] The Court will contemporaneously issue an Order consistent with this Memorandum Opinion.